## JOHN WEST v. SAMUEL BETTS.

High Court of Errors and Appeals.  June 10, 1818.

*Ridgely's Notebook II, 119.*

*Wells* and *Robinson* for appellant.  *Cooper* for defendant.

This proceeding below arose on a warrant, dated October 10, 1793, directed to Rhoads Shankland, Surveyor of Sussex County, requiring him, upon the application of Charles Rawlins, to survey and locate a piece or parcel of vacant land situate in Broad Creek Hundred whereon the said Charles Rawlins is seated and has made an improvement, not exceeding two hundred acres, and return a plot thereof containing the courses and distances etc. to the examiner.  November 18, 1796, Charles Rawlins, for a sum of money to him in hand paid, assigned the said warrant to John Betts.  September 15, 1810, Rhoda Betts and John Betts, said to be the executors of John Betts, the warrantor or grantor, "for ten dollars" assigned the said warrant for Samuel Betts. The warrant assigned is thus described, "the within land warrant."  September 6, 1815, survey made for Samuel Betts, a piece of vacant land in Broad Creek hundred called Betts's Hard Bargain, describing it by course and distance, containing 25¾ acres. This certificate is signed by John Saunders, deputy surveyor for Rhodes Shankland, September 8, 1815, certificate of William

Shankland, examiner, and his approbation. September 8, 1815, receipt of State Treasurer for $12.87 received of Samuel Betts for 25¾ acres. September 9, 1815, order of Edward Dingle, Jr., and L. Kollock that Betts do hold the said 25¾ acres of land. September 8, 1815, *caveat* was entered by John West, Sr. October 24, 1815, *caveat* dismissed. . . .

[*Robinson* for appellant. *Cooper* for respondent.]

THE CHANCELLOR. This is a special warrant requiring the surveyor to survey and locate vacant land on which the grantor, Charles Rawlins, was seated and had made an improvement. The survey was made on other land, and was not made according to the authority given to the surveyor; and consequently the survey returned is void. This warrant has been treated as a general warrant, or the survey is designed to give it that effect; but the whole of his proceeding and that of the Board of Commissioners is so directly contrary to the provisions of the Act of Assembly that the respondent is not entitled to any benefit from the survey returned.

It is said by the counsel for the respondent that it does not appear that this warrant has been laid on other land than that described in the warrant. The parol testimony proves that it has been laid on land which John West, the appellant, and those under whom he claims, have had in possession twenty-six years; and consequently it could not be laid on land whereon Charles Rawlins was seated and which he had improved. The true answer, though, to this position of the respondent's counsel is that it should appear on the face of the return that the warrant was executed according to its command. It was a special power and should have been shown to be executed according to the authority given; and no presumption can be made in favor of its due execution.

But it is said that the appeal comes too late. Let it be remembered that the warrant designating a particular spot of land on which the survey was to be made is dated October 10, 1793. The survey and certificate and treasurer's receipt are all made and dated September 18, 1815, nearly twenty-two years after the date of the warrant. Until the return of this survey, West could have no notice of the survey being on land in his possession. The *caveat* was entered September 8, the date of the survey and certificate, and yet it is said to be too late. The legislature gave an appeal, and if the warrant had or could have given notice of a survey to be made on his land, he might have appealed before; but the warrant being to survey land on which Rawlins had improved and on which he was seated, and not West's land, the

sight of the warrant in the Recorder's office could give him no notice, and he never could appeal till he knew that he was affected by the survey; and that he could not know till September 8, 1815, the time of the survey and date of the certificate of survey. The appeal is in time.

I am of opinion that the judgment of the Board of Commissioners be reversed, and that it be adjudged by this court that the respondent, Betts, take nothing by the said warrant and survey. JOHNS, Chief Justice of Supreme Court, BOOTH, Chief Justice of Court of Common Pleas, DAVIS and PAYNTER, Justices of Supreme Court, and WARNER and COOPER, Justices of Common Pleas, concurred.

Judgment reversed unanimously.